**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION**

| | | |
|---|---|---|
| **ASHWEEL ASHWEEL METHAYNG MAJOK,** | § | |
| **Petitioner,** | § | |
| **v.** | § | **CAUSE NO. EP-26-CV-2061-KC** |
| **TODD BLANCHE, et al.,** | § | |
| **Respondents.** | § | |

**ORDER**

On this day, the Court considered Ashweel Ashweel Methayng Majok's Petition for a Writ of Habeas Corpus, ECF No. 3. Majok is detained at the El Paso Service Processing Center in El Paso, Texas. *Id.* ¶ 1. He argues that his detention is unlawful and asks the Court to order his release. *Id.* ¶¶ 20–26; *id.* at 8.

Majok is a citizen of Sudan who was ordered removed from the United States in 2011. *Id.* ¶¶ 12–13. He appears to not have been removed, and instead, was released. *See id.* ¶¶ 6, 12–13. On January 28, 2026, Majok was taken into immigration custody. *Id.* ¶ 6. Upon the request of his deportation officers, he has filled out travel documents for Sudan. *Id.* ¶ 13. But, according to Majok, "Sudan has not issued any travel documents for him" and there is no "indication that [S]udan [will] accept [him] in the reasonably foreseeable future because of the civil war." *Id.* ¶ 16.

The Court found that "[i]f these allegations are true, Majok likely meets his burden of providing 'good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future.'" Aug. 7, 2026, Order 3–4, ECF No. 2 (citing *Zadvydas v. Davis*, 533 U.S. 678, 689–90 (2001)). Respondents had to "rebut this showing by either demonstrating

that Majok's removal is likely in the reasonably foreseeable future or deporting him." *Id.* at 4. Specifically, the Court ordered Respondents to detail (1) the concrete steps taken to effectuate Majok's removal, (2) the obstacles preventing his removal, (3) the concrete steps taken to address those obstacles, including identifying third countries for removal and submitting travel document requests to those third countries, and (4) the anticipated timeline for his removal. *See id.*

Respondents have now filed their Response, ECF No. 5, and, in support, the Declaration of Deportation Officer Danny Alaniz ("Alaniz Decl."), ECF No. 5-3. According to Alaniz, on March 1, 2026, "EL Paso ERO served [a] warning [of] Failure to Depart Form I-229," which directed Majok to "assist with his removal" by providing various identification documents and familial information. Alaniz Decl. ¶ 5. It appears that Majok complied, as, on March 5, "El Paso ERO submitted a travel document request to Headquarters (HQ) Removal International Operations (RIO) Detention and Deportation (DDO) for review and approval." *Id.* ¶ 6. And, on March 6, "RIO DDO forwarded the travel document request to the HQ RIO desk officer." *Id.* ¶ 7. Since that time, however, there have been no updates on the issuance of a travel document. *See id.* ¶¶ 8–10. And "[t]he anticipated timeline to remove [Majok] from the United States is currently unknown." *Id.* ¶ 11.

In sum, Majok has been detained for nearly seven months. *See* Pet. ¶ 6. Respondents prepared a travel document request for Majok over five months ago. Alaniz Decl. ¶¶ 6–7. It is not clear whether that request has been pending internal review for that entire time or whether it was sent to Sudan at some point and has been pending approval since. *See generally id.*; Resp. Either way, no travel document for Majok has been issued and Respondents do not provide an anticipated timeline for issuance, let alone Majok's removal from the United States. *See*

*generally* Alaniz Decl.; Resp. Nevertheless, the Court affords Respondents a final opportunity to remove Majok. If Respondents are unable to remove him in two weeks, then they have failed to carry their burden of proving that his removal is significantly likely in the reasonably foreseeable future. *See Zadvydas*, 533 U.S. at 689–90; *see, e.g.*, *Trejo v. Warden of ERO El Paso East Montana*, --- F. Supp. 3d ----, 2025 WL 2992187, at *5–6 (W.D. Tex. Oct. 24, 2025).

Accordingly, the Petition is **GRANTED IN PART** on due process grounds. *See id.* The Court **ORDERS** that, **on or before August 31, 2026**, Respondents shall either (1) **REMOVE** Majok from the United States through lawful means; or (2) **RELEASE** Majok from custody under reasonable conditions of supervision.

**IT IS FURTHER ORDERED** that, **on or before August 31, 2026**, Respondents shall **FILE** notice informing the Court whether Majok has been removed from the country. If Majok has not been removed from the country, Respondents shall inform the Court whether Majok has been released from custody in compliance with this Order.

**Barring exceptional circumstances, there will be no extensions of the August 31, 2026, deadlines**, unless they fall on a weekend or a holiday, in which case, the deadlines are extended to the following business day.

**SO ORDERED**.

**SIGNED this 17th day of August, 2026.**

KATHLEEN CARDONE
UNITED STATES DISTRICT JUDGE