**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**EL PASO DIVISION**

| | | |
|---|---|---|
| **ASHWEEL ASHWEEL METHAYNG MAJOK,** | § | |
| **Petitioner,** | § | |
| **v.** | § | **CAUSE NO. EP-26-CV-2061-KC** |
| **TODD BLANCHE, et al.,** | § | |
| **Respondents.** | § | |

| | | |
|---|---|---|
| **ASHWEEL ASHWEEL METHAYNG MAJOK,** | § | |
| **Petitioner,** | § | |
| **v.** | § | **CAUSE NO. EP-26-CV-2166-KC** |
| **TODD BLANCHE, et al.,** | § | |
| **Respondents.** | § | |

**ORDER**

On this day, the Court considered the case. On August 5, 2026, Ashweel Ashweel Methayng Majok filed a Motion to Proceed In Forma Pauperis ("IFP Motion"), ECF No. 1, and a Petition for Writ of Habeas Corpus ("Petition), ECF No. 3.[1] On August 7, the Court denied Majok's IFP Motion and ordered him to either pay the required filing fee or submit a completed application to proceed in forma pauperis if unable to pay by August 28. Aug. 7, 2026, Order 2, 4, ECF No. 2. Because failure to pay the filing fee is not a jurisdiction defect, the Court accepted the Petition for filing and ordered Respondents to show cause why the Petition should not be granted. *Id.*

[1] All references in this Order are to the docket in case EP-26-CV-2061-KC unless otherwise noted.

On August 17, the Court granted in part Majok's Petition and ordered Respondents, by August 31, to either (1) remove Majok from the United States through lawful means, or (2) release him from custody under reasonable conditions of supervision. Aug. 17, 2026, Order, ECF No. 6.

On August 19, Majok filed a new habeas petition and paid the $5.00 filing fee. *See* Pet., *Majok v. Blanche*, 3:26-cv-2166-KC (W.D. Tex. Aug. 19, 2026), ECF No. 1. Majok's new habeas petition is identical to the original Petition, with the exception of the date of his signature. *Compare id.*, *with* Pet.

Pursuant to Federal Rule of Civil Procedure 42(a), a district court has broad discretion to consolidate actions pending before it if they involve a common question of law or fact. Fed. R. Civ. P. 42(a); *Hall v. Hall*, 584 U.S. 59, 77 (2018). When deciding whether to exercise that discretion, courts consider factors including (1) whether the actions are pending before the same court; (2) whether common parties are involved; (3) whether any risk of prejudice or confusion is outweighed by the risk of inconsistent adjudications; and (4) whether consolidation will conserve judicial resources. *Clark v. PNC Bank, N.A.*, No. 5:13-cv-799-XR, 2013 WL 6668674, at *1 (W.D. Tex. Dec. 17, 2013) (citation omitted). Consolidation alone "does not merge suits into a single cause[] or change the rights of the parties." *In re Excel Corp.*, 106 F.3d 1197, 1201 (5th Cir. 1997) (quoting *Johnson v. Manhattan Ry. Co.*, 289 U.S. 479, 496–97 (1933)). Because "merger is never so complete in consolidation as to deprive any party of any substantial rights which he may have possessed had the actions proceeded separately," courts must issue independent "verdicts and judgments" for consolidated cases. *Hall*, 584 U.S. at 76 (quotation omitted).

Here, all factors counsel in favor of consolidation. In Cause No. EP-26-CV-2166-KC, Petitioner's allegations, grounds on which he challenges his detention, and the relief requested are identical to those in Cause No. EP-26-CV-2061-KC. The two cases are pending before this Court. Petitioner is the same individual in both cases, and Respondents are the same individuals in both cases. Consolidating the cases would alleviate any potential confusion, streamline the adjudication of all claims, and conserve judicial resources. Accordingly, it is appropriate to consolidate Majok's new case into EP-26-CV-2061-KC.

Accordingly, the Court **ORDERS** that case EP-26-CV-2166-KC be **CONSOLIDATED** into case EP-26-CV-2061-KC.

**IT IS FURTHER ORDERED** that the Clerk shall **FILE** this Order in both case EP-26-CV-2061-KC and EP-26-CV-2166-KC.

**IT IS FURTHER ORDERED** that the Clerk of Court may take any additional steps necessary to effectuate this consolidation.

**IT IS FURTHER ORDERED** that the parties shall **FILE** all future filings in case EP-26-CV-2061-KC.

**IT IS FURTHER ORDERED** that Majok's August 28, 2026, deadline is **VACATED**.

**IT IS FURTHER ORDERED** that Respondents' August 31, 2026, deadline shall remain in effect.

**SO ORDERED.**

SIGNED this 21st day of August, 2026.

KATHLEEN CARDONE
UNITED STATES DISTRICT JUDGE